**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

JOHN-HENRY DOE,

            Plaintiff,           Case No. 18-CV-3152 (WMW/ECW)

v.                        **REPORT AND RECOMMENDATION**

MOWER COUNTY SHERIFF OFFICE
and JASON BRESSER,

            Defendants.

Plaintiff John-Henry Doe alleges that he was harmed by Deputy Officer Jason Bresser and the Mower County Sherriff Office on or about May 18, 2015, when Deputy Officer Bresser allegedly trespassed on Doe's private property to kidnap and assault him. (Dkt. No. 1 at 4.)  He seeks to recover $1,250,000.  (*Id.*)  Along with his Complaint, Doe filed a motion to proceed *in forma pauperis* ("IFP") without paying a filing fee.  (Dkt. No. 2.)  His allegations are as follows:

> I, a man, John-Henry :Doe, claims that the MOWER COUNTY SHERIFF OFFICE AND DEPUTY OFFICER JASSON BRESSER (herein "Defendants") knowingly, intentionally, and willfully by force and intimidation trespassed upon my private property and I, so to kidnap and assault me, against my will, under color of law with the statutes, ordinance, regulations, and customs of the State of Minnesota in which said Defendants conspired to deprive, and arbitrarily subject me to the deprivation of my unalienable right(s) and civil liberties to travel freely upon the roadways without government interference, which evidence will show and prove the rights and civil liberties are secured by the Constitution of the United States of America and Laws thereof, to wit.

1

> For the said trespass by the Defendants transpired on or around the Gregorian calendar of the month of May, of the 18th day, for the year 2015 A.D. at the time of or near 2:50p.m., at or near the location of the I-90 and 14th Street NW highway intersection, near the municipality of the City of Austin, State of Minnesota within the territory of Minnesota State.
>
> The Defendants knowingly neglected and refused to prevent directly or indirectly the wrongs and injuries conspired to be done or that were done to the Claimant/Plaintiff by actual partaking in the wrongs done unto the Claimant/Plaintiff.

(Dkt. No. 1.)

Federal courts are courts of limited jurisdiction—that is, not all lawsuits may be brought in federal court. *See, e.g.*, *Exxon Mobile Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 551 (2005). Unless a statute provides a basis for the court's subject-matter jurisdiction over a case, the court must dismiss the lawsuit. *See* Fed. R. Civ. P. 12(h)(3). A question of subject-matter jurisdiction may be raised by the Court *sua sponte* at any time. *See Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

A plaintiff is responsible for pleading in his complaint "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Generally, a plaintiff can do so in one of two ways — either by alleging that his lawsuit involves a question of federal law, *see* 28 U.S.C. § 1331, or by alleging that the parties are citizens of different states, *see* 28 U.S.C. § 1332(a). The form complaint submitted by Doe includes a paragraph asking the litigant to explain whether this Court has jurisdiction based on the presence of a federal question or diversity of citizenship (or both). (*See* Dkt. No. 1 at 3.) Doe checked the boxes for federal question and for diversity of citizenship.

As to federal question, he alleges that there is federal question jurisdiction because he has claims based on certain Amendments to the Constitution and statutes. (Dkt. No. 1 at 3.) The Court must review the Complaint using the standard for litigants seeking to proceed IFP without paying a filing fee. Regardless of Doe's actual financial qualification, an IFP application will also be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Doe presents no factual allegations in support of his claims under the First, Fifth, Sixth, Seventh, Ninth, or Tenth Amendments. A claim may not proceed solely by citation to a legal theory, absent any accompanying factual allegations. Thus, no claim has been stated as to these allegations. Doe attempts to discuss potential Fourth and Fourteenth Amendment claims by alleging trespass for purposes of kidnapping and assault, but his Complaint does not include any factual allegations supporting those legal conclusions. *See Iqbal*, 556 U.S. at 679 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Accordingly, Doe has not stated a claim for relief under the Fourth and Fourteenth Amendments that is plausible on its face. *See id.* at 678-79.

Doe also cites a number of federal statutes, though he does not tie any specific factual allegations to his legal citations. The Court finds that there are no facts to support a meaningful claim at this point under any of these statutes. First, Doe identifies no claim under 18 U.S.C. § 872 (a statute about extortion by United States employees or officers) because none of the defendants are employed by the United States. Second, Doe identifies no claim under 18 U.S.C. § 241 (a statute penalizing conspiracy by two or more individuals to harm another) because he only names one individual defendant. Third, Doe states no facts in support of a claim under 18 U.S.C. § 242 (a statute penalizing those who harm another based on that person being an alien or because of their race or color)

because he does not indicate any personal identifying feature suggesting he was harmed based on such a characteristic.

Doe also cites 42 U.S.C. §§ 1983 and 1985, which are both sections of the Civil Rights Act. Section 1983 proscribes any action by an individual that violates the rights, privileges or immunities secured by the Constitution and laws. Section 1983 therefore is not a freestanding claim; it relies upon a violation of another recognized right. As discussed above, Doe has failed to clearly state factual allegations consistent with a violation of his Constitutional rights or the laws, so he has also failed to state a claim under § 1983. Moreover, § 1985 proscribes a conspiracy to violate § 1983, so absent a distinguishable § 1983 claim, there is no viable § 1985 claim on the face of the Complaint.

To the extent there are remaining state law claims for battery, assault, trespass, or any other common law theory of relief, the Court lacks original jurisdiction because Doe has not adequately pleaded diversity of citizenship,[1] *see* 28 U.S.C. § 1332(a), and the Eighth Circuit has made clear that when all federal claims in a complaint have been dismissed before trial, the court should decline to exercise supplemental jurisdiction over the remaining state law claims, *see Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

---

[1] Doe's Complaint indicates that he resides in Le Roy, Minnesota, and that the Defendants also reside in Minnesota. (Dkt. No. 1 at 1-3.) Accordingly, there is not diversity of citizenship. *Peroceski v. Bryant-Wolf*, No. CIV. 07-3930 JRT/JSM, 2008 WL 880004, at *4 (D. Minn. Mar. 28, 2008) ("Here, it appears that both Plaintiff and Defendant are Minnesota residents, so diversity of citizenship obviously does not exist.") (footnote omitted).

Based on the foregoing analysis, Doe's complaint fails to state a claim upon which relief may be granted. It is therefore recommended that this matter be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This case be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Doe's application to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED**.

Dated: December 28, 2018                *s/ Elizabeth Cowan Wright*
                                        Elizabeth Cowan Wright
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).