UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John-Henry Doe, | Case No. 18-cv-3152 (WMW/ECW) |
| Plaintiff, | **ORDER REJECTING REPORT AND RECOMMENDATION** |
| v. | |
| Mower County Sheriff Office and Jason Bresser, | |
| Defendants. | |

This matter is before the Court on the December 28, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Elizabeth Cowan Wright, which recommends dismissing Plaintiff John-Henry Doe's complaint and denying his application to proceed *in forma pauperis* (IFP). (Dkt. 4.) For the reasons addressed below, the Court rejects the recommendation to dismiss the complaint and remands this matter to the magistrate judge to rule on the merits of Doe's application to proceed IFP.

## BACKGROUND

On November 9, 2018, Doe initiated this lawsuit against Defendants Mower County Sheriff Office and Jason Bresser arising out of an alleged interaction on May 18, 2015. In his complaint, Doe alleges several constitutional and federal law violations. Doe also filed an application to proceed IFP. The December 28, 2018 R&R addresses Doe's application for IFP status and *sua sponte* recommends dismissing Doe's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because the R&R recommends

dismissing Doe's complaint, the magistrate judge declined to rule on the merits of Doe's application to proceed IFP and, instead, recommends denying the IFP application.

Doe timely filed objections to the R&R. In his objections, Doe includes an "Amendment to Complaint" section with additional information about the May 18, 2015 incident.[1] Because the R&R was issued before either Defendant had been served with a copy of the summons or complaint, neither Defendant has responded to Doe's objections.

## ANALYSIS

The R&R recommends dismissing Doe's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (Section 1915) of the Prison Litigation Reform Act (PLRA).

When a magistrate judge submits a recommendation for disposition, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Supreme Court of the United States has explained, however, that Section 636(b)(1) "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985) (observing that "[t]he district judge has jurisdiction over the case at all times" and "retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment"). Accordingly, this Court may review the magistrate judge's R&R *de novo*, notwithstanding the limited scope of Doe's objections.

---

[1] Doe has not filed an amended complaint. The Court takes no action as to Doe's attempted amendment.

Subject to limited exceptions, a court may not dismiss a complaint *sua sponte* for failure to state a claim before service is effected. *See Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996). Section 1915 is one such exception. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ."). However, Section 1915 does not apply to nonprisoner cases. *See Johnson v. Bloomington Police*, 193 F. Supp. 3d 1020, 1024 (D. Minn. 2016) (declining to extend Section 1915 to nonprisoner cases). In *Johnson*, this Court explained that extending Section 1915 to nonprisoner cases "would place this Court in the role of an advocate for Defendants based solely on [a nonprisoner Plaintiff's] *attempt* to proceed *in forma pauperis*." *Id.* Without any governing precedent providing for the application of Section 1915 to nonprisoner cases, this Court declined to depart from its role as a neutral decisionmaker. *See id.*

The R&R relies on an unpublished opinion of the United States Court of Appeals for the Eighth Circuit for the proposition that Section 1915 applies to nonprisoners. *See Carter v. Schafer*, 273 F. App'x. 581, 582 (8th Cir. 2008) (per curiam).[2] But similar non-precedential Eighth Circuit decisions were considered and rejected in *Johnson*. *See* 193 F. Supp. 3d at 1023. The Court remains unpersuaded by these decisions and discerns no reason to depart from *Johnson*'s analysis and rationale here.

Because Doe is not a prisoner, Section 1915 is not a proper ground for *sua sponte* dismissal of this case. Accordingly, the Court rejects the R&R's recommendation to

---

[2] This Court is not bound by unpublished Eighth Circuit opinions. *United States v. Yirkovsky*, 338 F.3d 936, 941 (8th Cir. 2003); 8th Cir. R. 32.1A.

dismiss Doe's complaint pursuant to Section 1915. In light of this conclusion, Doe's objections to the R&R are moot. The Court remands Doe's IFP application to the magistrate judge for further consideration on the merits.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The magistrate judge's December 28, 2018 Report and Recommendation, (Dkt. 4), is **REJECTED**.

2. This matter is **REMANDED** to the magistrate judge for consideration of the merits of Doe's application to proceed *in forma pauperis*, (Dkt. 2).

Dated: March 11, 2019                           s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge