## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

JOHN HENRY DOE,                              Case No. 18-CV-3152 (WMW/ECW)

        Plaintiff,

v.                                   **REPORT AND RECOMENDATION**

MOWER COUNTY SHERIFF'S
OFFICE, and JASON BRESSER,

        Defendants.

This matter is before the Court on Plaintiff's Motion to Proceed Under a Pseudonym (Dkt. 17), and Defendants' Motion to Dismiss (Dkt. 20). This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's Motion to Proceed Under a Pseudonym be denied as withdrawn by Plaintiff[1] and that Defendants' Motion to Dismiss be granted.

                **I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

In the section of the form Complaint entitled "STATEMENT OF THE CLAIMS", which asks for the facts of the claim, including how the defendant in the caption violated the law, Plaintiff asserts as follows:

---

[1] In his response to the motion to dismiss, Plaintiff asserted that he would proceed with his real name in the present action. (Dkt. 29 at 1.)

> I, a man, John- Henry Doe, claims that the MOWER COUNTY SHERIFF OFFICE AND DEPUTY OFFICER JASSON BRESSER (herein "Defendants") knowingly, intentionally, and willfully by force and intimidation trespassed upon my private property and I, so to kidnap and assault me, against my will, under color of law with the statutes, ordinance, regulations, and customs of the State of Minnesota, in which, said Defendants conspired to deprive, and arbitrarily subject me to the deprivation of my unalienable right(s) and civil liberties to travel freely upon the roadways without government interference, which evidence will show and prove the rights and civil liberties are secured by the Constitution for the United States of America and Laws thereof, to wit.
>
> For the said trespass by the Defendants transpired on or around the Gregorian calendar of the month of May, of the 18th day, for the year 2015 A.D. at the time of or near 2:50 p.m., at or near the location of the 1-90 and 14th Street NW highway intersection, near the municipality of the City of Austin, State of Minnesota within the territory of the Minnesota State.

(Dkt. 1 ¶ 7.) Plaintiff sets forth no other facts and does not identify what laws Defendants allegedly violated. That said, in the "JURISDICTION" section of the Complaint, which asks the Plaintiff to set forth the federal constitutional provisions or statues at issue, Plaintiff lists the following: "1st, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 14th Amendment of the constitution for the United States of America, 42 U.S.C. Sec. 1983 & 1985, 18 U.S.C. 872, 18 U.S.C. 241, [and] 18 U.S.C. 242." (*Id.* ¶ 4.)

Plaintiff seeks monetary damages.

## II.  LEGAL STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true. *See Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In addition, a court must afford the plaintiff all reasonable inferences from those allegations. *See Blankenship v. USA Truck, Inc.*, 601

2

F.3d 852, 853 (8th Cir. 2010). At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Federal Rule of Civil Procedure 8 and meet the principles articulated by the United States Supreme Court in *Iqbal* and *Twombly*.

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citations omitted). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[T]he plausibility standard, which requires a federal court complaint to 'state a claim for relief that is plausible on its face, ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted). "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that

3

requires the reviewing court to draw on its judicial experience and common sense."

*Iqbal*, 556 U.S. at 679 (citation omitted).

> Following *Twombly* and consistent with *Iqbal*, the Eighth Circuit explained:
>
> While a plaintiff need not set forth "detailed factual allegations," *Twombly*, 127 S. Ct. at 1964, or "specific facts" that describe the evidence to be presented, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam), the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. *Twombly*, 127 S. Ct. at 1965 n. 3. A district court, therefore, is not required "to divine the litigant's intent and create claims that are not clearly raised," *Bediako*, 354 F.3d at 840, and it need not "conjure up unpled allegations" to save a complaint. *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (internal quotation omitted).

*Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009). *Pro se* complaints are construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

If matters outside the pleadings "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). While matters "outside the pleadings" may not be considered in deciding a Rule 12 motion to dismiss, documents "necessarily embraced by the complaint are not matters outside the pleading." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). Thus, while courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned, without converting the motion into

4

one for summary judgment. *Id.*; *see also Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012).

### III.  ANALYSIS

Defendants argue that this case should be dismissed because: (1) Plaintiff has filed the action under a false name; (2) because he has filed other "frivolous" actions in *Benjamin Dukhovnyy Voin Bey, a/k/a Benjamin Stayton v. Mower County Health and Human Services Office of Child Support*, No. 15-cv-2728 (JNE/TNL), *John-Henry Doe v. Mower County*, 18-cv-03221 (WMW/KMM) (D. Minn.), and most recently in *John-Henry: Doe v. Mower County Sheriff's Office et al.*, 0:19-cv-01294 (D. Minn.); (3) a cause of action cannot be maintained against the Mower Sherriff's office, as a subset of Mower County; and (4) the Complaint is frivolous as it does not tie any factual allegations into the statutes or provisions of law set forth in the basis for jurisdiction, it does not specify the particular acts of Deputy Bresser, and does not state what facts support Plaintiff's tort claims. (Dkt. 22 at 5-8; Dkt. 32 at 5-6.)  Defendants further seek an order from the Court requiring Plaintiff to obtain prior court approval before commencing future suits and requiring Plaintiff to commence future actions under his legal name. (Dkt. 22 at 8-10.)

Plaintiff counters that he is willing to proceed in this matter using his real name. (Dkt. 29 at 1.)  He also provides some additional facts in his opposition memorandum for the basis of his claims—violations of the Fourth Amendment and tort claims of trespass, false arrest, false imprisonment, assault and battery—which he asserts are related to his traffic stop for failing to have a front license and arrest for driving without a driver's

5

license (both of which he claims are not crimes). (*Id.*) He further argues that requiring him to have a front license plate on his vehicle and a driver's license amounts to a forced association in violation of the First Amendment, violates the separation of church and state, and impedes his right to travel freely under the Ninth Amendment. (*Id.* at 2.)

In reply, Defendants assert that driving without a driver's license is a misdemeanor under Minnesota and that an officer may arrest an individual for a misdemeanor, "when a public offense has been committed or attempted in the officer's presence." (Dkt. 32 at 1-2.) Defendant also argues that Plaintiff's claims for damages are barred under the doctrine expounded in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), because there is no allegation that he has obtained reversal of the underlying convictions.[2] (*Id.* at 3.)

**A.   Filing Under a Fictitious Name**

Given the procedural history of this case, the Court will not recommend dismissing the action merely because Plaintiff filed under a pseudonym. Plaintiff moved the Court for permission to proceed in this matter under a pseudonym before Defendants brought the present motion to dismiss. (Dkt. 17.) While not ruling on the merits of Plaintiff's Motion, courts within this District have concluded that a party may proceed under a pseudonym if the totality of the circumstances demonstrates that a person's substantial interest in maintaining their privacy outweighs the traditional presumptiveness of openness in judicial proceedings. *See, e.g.*, *Doe v. N. Homes, Inc.*, No. 18-cv-3419

---

[2]   This Court notes that neither his Complaint nor his opposition memorandum alleges a conviction.

6

(WMW/LIB), 2019 WL 3766380, at *4-5 (D. Minn. Aug. 9, 2019).  In any event, Defendants' argument is moot, as Plaintiff has represented that he is willing to proceed in this matter under his true name.  (Dkt. 29.)

**B.     Claims against the Mower Sheriff's Office**

Under Rule 17(b) of the Federal Rules of Civil Procedure, the "[c]apacity to sue or be sued is determined as follows . . . by the law of the state where the court is located."  Fed. R. Civ. P. 17(b).  As such, the Court looks to Minnesota law to determine if the Mower Sheriff's Office can be sued by Plaintiff.  Minnesota law only grants the power to "sue and be sued" to the county itself.  *See* Minn. Stat. § 373.01, subd. 1(a)(1) ("[E]ach county in Minnesota "is a body politic and corporate and may . . . [s]ue and be sued."); *see also Calhoun v. Washington Cty. Cmty. Servs. Child Support Unit*, No. 18-cv-1881 (ECT/HB), 2019 WL 2079834, at *3 (D. Minn. Apr. 23, 2019), *R&R adopted*, 2019 WL 2075870 (D. Minn. May 10, 2019) (citing Minn. Stat. §§ 373.01, 373.08) (citations omitted) ("Thus, it is the county itself that must be named in a lawsuit involving the actions of one of its departments.  Accordingly, departments within a county government are not subject to a court's jurisdiction, and county governmental departments cannot be named in lawsuits.").

Indeed, courts in the Eighth Circuit and this District have consistently held that county departments, including sheriff departments, are not legal entities subject to suit separate from the county itself.  *See*, *e.g.*, *De La Garza v. Kandiyohi County Jail*, No. 01-1966, 2001 WL 987542, at *1 (8th Cir. 2001) (unpublished) (affirming summary dismissal of prisoner civil rights action against county jail and county sheriff's

7

department, "because neither named party was a suable entity"); *Doe v. Mower Cty. Health & Human Servs. Office of Child Support*, No. 18-cv-3221 (WMW/KMM), 2019 WL 3570870, at *3 (D. Minn. May 13, 2019), *R.&R. adopted*, 2019 WL 3824256 (D. Minn. Aug. 15, 2019) ("courts consistently hold that arms of local governments, such as county departments or county agencies, are not subject to suit") (citations omitted); *Tisdell v. Crow Wing Cty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at *4 (D. Minn. Apr. 30, 2014) ("Because sheriff's departments are not legal entities subject to suit, the Court recommends that Plaintiffs' Complaint as alleged against the Crow Wing County Sheriff's Department be dismissed with prejudice."); *Rowell v. Ramsey Cty. Sheriff's Dep't*, No. CIV. 12-1656 JNE/FLN, 2012 WL 3430768, at *2 n.1 (D. Minn. July 23, 2012) ("The Court also notes that Ramsey County Sheriff's Department is not a cognizable legal entity that has the capacity to be sued."), *R&R adopted*, 2012 WL 3429402 (D. Minn. Aug. 14, 2012) (citation omitted); *Franco v. Grant*, No. 09-cv-552 (JRT/SRN), 2010 WL 653855, at *6 (D. Minn. Feb. 22, 2010) (holding county sheriff departments are not legal entities subject to suit separate from the county itself); *Iheme v. Hennepin Cty. Sheriff Dep't*, No. CIV. 12-2271 DWF/JJK, 2012 WL 8023743, at *2 (D. Minn. Nov. 6, 2012), *R&R adopted*, 2013 WL 1969640 (D. Minn. May 13, 2013); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163, n.1 (D. Minn. 1987) (holding that Minnesota sheriffs' departments "are not legal entities subject to suit"), *aff'd*, 868 F.2d 1017 (8th Cir. 1989).

Because sheriff's departments are not legal entities subject to suit, the Court recommends that Plaintiff's Complaint as alleged against the Mower Sheriff's Office be

dismissed with prejudice. That said, given that Plaintiff is proceeding *pro se*, the Court will also address the sufficiency of the Plaintiff's allegations and treat the Complaint as having been brought more properly against Mower County itself, as well as Jason Bresser.

## C.      Sufficiency of the Allegations

Plaintiff presents no factual allegations as part of his Complaint in support of his claims under the First, Fifth, Sixth, Seventh, Ninth, or Tenth Amendments. A claim may not proceed solely by citation to a legal theory, absent any accompanying factual allegations. Thus, no claim has been stated as to these allegations. Plaintiff attempts to discuss potential Fourth and Fourteenth Amendment claims by alleging trespass for purposes of kidnapping and assault, but again his Complaint does not include any factual allegations supporting those legal conclusions. *See Iqbal*, 556 U.S. at 679 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Accordingly, Plaintiff has not stated a claim for relief under the Fourth and Fourteenth Amendments that is plausible on its face. *See id*. at 678-79.

While Plaintiff provides some additional facts and clarification of his claims in his opposition memorandum, the Court cannot consider these facts as they are outside of the Complaint and indeed highlight the deficiencies of the Complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *see also Swanson v. Wilford,*

9

*Geske, & Cook*, No. 19-cv-117 (DWF/LIB), 2019 WL 4575826, at *9 (D. Minn. Aug. 30, 2019), *R&R adopted*, No. CV 19-117 (DWF/LIB), 2019 WL 4573252 (D. Minn. Sept. 20, 2019) ("Factual assertions in a party's memorandum are not factual allegations in a Complaint.").

Plaintiff also cites a number of federal statutes, though he does not tie any specific factual allegations to his legal citations. The Court finds that there are no facts to support a meaningful claim at this point under any of these statutes. First, Plaintiff identifies no claim under 18 U.S.C. § 872 (a statute about extortion by United States employees or officers) because none of the defendants are employed by the United States. Second, Plaintiff identifies no claim under 18 U.S.C. § 241 (a statute penalizing conspiracy by two or more individuals to harm another) because he only names one individual defendant. Third, Plaintiff states no facts in support of a claim under 18 U.S.C. § 242 (a statute penalizing those who harm another based on that person being an alien or because of their race or color) because he does not indicate any personal identifying feature suggesting he was harmed based on such a characteristic.

In addition, Plaintiff relies upon 42 U.S.C. §§ 1983 and 1985, which are both sections of the Civil Rights Act. Section 1983 proscribes any action by an individual that violates the rights, privileges or immunities secured by the Constitution and laws. Section 1983 therefore is not a freestanding claim; it relies upon a violation of another recognized right. *See Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution and the laws of the United States and that the

10

deprivation was committed by a person acting under color of state law."). As discussed above, Plaintiff has failed to clearly state factual allegations consistent with a violation of his Constitutional rights or the laws, so he has also failed to state a claim under § 1983. Moreover, § 1985 proscribes a conspiracy to violate § 1983, so absent a distinguishable violation of his Constitutional rights, as well as no necessary allegations related to a "meeting of the minds", there is no viable § 1985 claim on the face of the Complaint. *See Novotny v. Tripp Cty., S.D.*, 664 F.3d 1173, 1179-80 (8th Cir. 2011) (no § 1985 conspiracy claim where plaintiff "has not adequately shown any underlying constitutional violations"); *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985) ("allegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds'") (quotation marks and citation omitted).

As to Mower County, "[a] county may be liable for a constitutional violation under § 1983 only if the violation resulted from a policy or custom of the municipality." *See Calgaro v. St. Louis Cty.*, 919 F.3d 1054, 1058 (8th Cir.), *cert. denied sub nom. Calgaro v. St. Louis Cty., Minnesota*, 140 S. Ct. 219 (2019) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "Even if a plaintiff is not privy to the facts necessary to describe with specificity the municipal custom, the complaint must allege facts that would support the existence of a municipal custom." *Doe v. Mower Cty. Health & Human Servs. Office of Child Support*, No. 18-cv-3221 (WMW/KMM), 2019 WL 3824256, at *2 (D. Minn. Aug. 15, 2019) (citing *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004)). In this case, Plaintiff's Complaint only alleges that Defendants acted under the color of law with respect to unspecified statutes,

ordinance, regulations, and customs of the State of Minnesota. (Dkt. 1.) Conclusory allegations, such as these, are insufficient to state a claim against Mower County.[3] *See Calgaro*, 919 F.3d at 1058 ("Calgaro's conclusory assertion that the County acted based on a policy or custom is insufficient to state a claim, and the district court correctly granted judgment on the pleadings."); *see also Doe*, 2019 WL 3824256 at *2.

To the extent there are remaining state law claims for battery, assault, trespass, or any other common law theory of relief, the Court lacks original jurisdiction because Plaintiff has not adequately pleaded diversity of citizenship,[4] *see* 28 U.S.C. § 1332(a), and the Eighth Circuit has made clear that when all federal claims in a complaint have been dismissed before trial, the court should decline to exercise supplemental jurisdiction over the remaining state law claims, *see Hervey v. Cty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

**D.     Enjoining Plaintiff from Filing Future Lawsuits**

Defendants seek an order from the Court under the All Writs Act enjoining Plaintiff from filing any future civil action in the United States District Court for the

---

[3]     It is also unclear how the allegation that Defendants acted "under color of law with the statutes, ordinance, regulations, and customs of the **State of Minnesota**" (Dkt. 1) (emphasis added) amounts to municipal custom or practice for which the County can be held liable under *Monell* and its progeny. *See Russell v. Hennepin Cty.*, 420 F.3d 841, 849 (8th Cir. 2005) ("municipal custom is a practice of municipal officials that is not authorized by written law, but which is 'so permanent and well-settled as to have the force of law'") (cleaned up) (quotations and citations omitted).

[4]     Indeed, the Complaint alleges that the parties are all from located in Minnesota. (Dkt. 1 ¶ 2.)

District of Minnesota without first obtaining leave of that court and requiring Plaintiff to commence future actions under his legal name. (Dkt. 22 at 8-10.)

"Under the All Writs Act, and as a matter of inherent authority, federal courts may impose filing injunctions on litigants who have abused the judicial process through vexatious, burdensome, baseless, or repetitive litigation." *Westley v. Bryant*, No. 14-cv-5002 PJS/BRT, 2015 WL 2242161, at *10 (D. Minn. May 12, 2015) (citation omitted). "Courts must however use such a drastic measure sparingly, and consistent with the constitutional guarantee of due process and access to the courts." *Pennywell v. Catholic Charities of the Archdiocese of St. Paul & Minneapolis*, No. CV 16-3347 (ADM/FLN), 2017 WL 5891754, at *2 (D. Minn. Nov. 3, 2017), *R&R adopted*, 2017 WL 5891726 (D. Minn. Nov. 28, 2017) (citation omitted). "The due process clause requires that every man shall have the protection of his day in court [and] use of such measures against a pro se plaintiff should be approached with particular caution and should remain very much the exception to the general rule of free access to the courts." *Id.* (citation omitted)

Given that the Court is dismissing the majority of the claims in this action without prejudice, it cannot say that the Plaintiff's case is so apparently frivolous, especially given his *pro se s*tatus, so as to make a finding that any filing limitation is warranted at this point in time. Nor will the Court preclude Plaintiff from seeking to proceed via motion under a pseudonym in future litigation should the circumstances warrant. That said, Plaintiff should be aware that even though he is unrepresented by counsel he is still subject to the requirements and consequences of Rule 11 of the Federal Rules of Civil

Procedure[5] as it relates the pleadings he files with the Court.[6] *See Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993) (holding that Rule 11 applies to *pro se* litigants).

---

[5]  The Court notes that there is no indication that Defendants proceeded under the protections afforded by Rule 11 in this matter.

[6]  Rule 11 provides in relevant part:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented.
>
> * * *
>
> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) Sanctions.
>
> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law

## IV.     RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.     Plaintiff's Motion to Proceed Under a Pseudonym (Dkt. 17) be **DENIED** as moot due to its withdrawal by Plaintiff;

2.     Defendants' Motion to Dismiss (Dkt. 20) be **GRANTED**, and that Plaintiff's claims against the Mower Sherriff's Office be **DISMISSED WITH**

---

firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11.

**PREJUDICE**, and that the remaining claims be **DISMISSED WITHOUT PREJUDICE**; and

3. Defendants' request that Plaintiff be enjoined from filing any future civil actions in the United States District Court for the District of Minnesota without first obtaining leave of that court and requiring Plaintiff to commence future actions under his legal name be **DENIED** without prejudice.

DATED: December 20, 2019　　　　　　　　　*s/ Elizabeth Cowan Wright*
　　　　　　　　　　　　　　　　　　　　　ELIZABETH COWAN WRIGHT
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).